IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015


CRAIG BEENE v. STATE OF TENNESSEE


Appeal from the Circuit Court for Dickson County
No. CR6611    Larry J. Wallace, Judge

_____

No. M2015-01054-CCA-R3-HC – Filed February 11, 2016
_____


The petitioner, Craig Beene, appeals the summary dismissal of his petition for the writ of habeas corpus. Because the petitioner failed to follow the procedural requirements governing the writ of habeas corpus and failed to state a cognizable claim for relief, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Craig Beene, Whiteville, Tennessee, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Assistant Attorney General for the Appellee, State of Tennessee.


OPINION

FACTS AND PROCEDURAL HISTORY

The petitioner was initially charged in a seven-count indictment, and he proceeded to trial on the charges of attempted first degree (premeditated) murder, especially aggravated kidnapping, reckless endangerment, and two counts of aggravated assault. In the middle of his trial, the petitioner decided to accept a plea agreement, and he pled guilty to attempted first degree murder, especially aggravated kidnapping, and one count of aggravated assault in exchange for a seventeen-year sentence. *Craig Lamont Beene v.*

*State*, No. M2005-01322-CCA-R3-PC, 2006 WL 680919, at *1 (Tenn. Crim. App. Mar. 17, 2006).

The petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and that his guilty pleas were not knowing and voluntary. *Id.* at *2. Relying on the medical competency report certifying that the petitioner was competent to stand trial, the testimony of the petitioner and trial counsel, and the findings of the trial court, this court concluded that the petitioner had "failed to establish that he suffered from any form of diminished capacity or mental incapacity that would have rendered his pleas unknowing or involuntary." *Id.* at *7.

In 2006, the petitioner filed a petition for the writ of habeas corpus in a federal district court, which was denied. *Craig L. Beene v. Stephen Dotson, Warden*, No. 3:07-0033, 2007 WL 1074014, at *4 (M.D. Tenn. April 4, 2007). In 2007, the petitioner filed a petition for the writ of habeas corpus, arguing that that the trial court failed to inform him of the minimum and maximum penalties for his guilty pleas, rendering the pleas invalid and his judgments void because the pleas were not knowingly and voluntarily entered. *Craig L. Beene v. State*, No. W2007-01748-CCA-R3-HC, 2008 WL 539049, at *1 (Tenn. Crim. App. Feb. 27, 2008). On appeal, this court affirmed the summary dismissal of the petition because the claim regarding involuntary guilty pleas was not cognizable in a habeas corpus proceeding and because the petitioner failed to follow the procedural requirements for filing a habeas corpus petition. *Id.* at *2.

In 2009, the petitioner again sought habeas corpus relief, and this court affirmed the dismissal of the petition because the petitioner failed to attach copies of the judgments that he sought to challenge. *Craig L. Beene v. State*, No. M2011-02666-CCA-R3-HC, 2013 WL 871321, at *3 (Tenn. Crim. App. Mar. 8, 2013). The petitioner next filed a petition for the writ of error coram nobis, and this court affirmed the denial of the petition. *Craig Beene v. State*, No. M2012-01578-CCA-R3-CO, 2013 WL 1635519, at *1-2 (Tenn. Crim. App. Apr. 16, 2013). The petitioner filed a fourth petition for the writ of habeas corpus, contending that his guilty pleas were not knowing and voluntary due to medications that he received in the Dickson County jail. *Craig Beene v. State*, No. M2013-02318-CCA-R3-HC, 2014 WL 1912366, at *1 (Tenn. Crim. App. May 13, 2014). This court affirmed the denial of the petition, concluding that the petitioner's claim attacking the voluntariness of his guilty pleas did not present a cognizable claim for habeas corpus relief because it would not make his judgments void. *Id.* at *3. The petitioner filed a second petition for the writ of error coram nobis, and the denial of that petition was affirmed by this court. *Craig L. Beene*, No. M2014-00088-CCA-R3-ECN, 2014 WL 3439508, at *1 (Tenn. Crim. App. July 14, 2014).

On January 20, 2015, the petitioner filed a "Motion for Nunc Pro Tunc" in the Circuit Court for Dickson County requesting a competency hearing. On January 22, 2015, he filed a motion for transcripts of the probable cause hearing that led to his transfer and admittance to Tennessee Christian Hospital. On February 2, 2015, while incarcerated in Lauderdale County, the petitioner filed a petition for the writ of habeas corpus in Dickson County, where he was convicted and sentenced. He contended that during a hearing before a magistrate judge, he was transported to Tennessee Christian Hospital and forcibly administered antipsychotic medication that left him "incompetent to manage his own affairs let alone defend himself." He argued that he was not appointed counsel during the hearing or his hospitalization and that the deprivation of counsel at this "critical stage" of the proceedings violated his Sixth Amendment right to counsel. At the end of the petition, the petitioner included an "Affidavit for Venue of Filing," which asked the court to "entertain [his] request for change of venue . . . of County where Petitioner is housed to County of sentencing Court because the sentencing court has complete access to all of the records that are needed to corroborate the Petitioner[']s claims."

The State filed a motion to dismiss, arguing that the petitioner had not provided a sufficient reason for his failure to comply with the procedural requirement that a petition for the writ of habeas corpus be filed in the court nearest in location to the petitioner. The State further argued that the petitioner's claim of the denial of his right to counsel was not a cognizable claim for habeas corpus relief. The trial court dismissed the petition, finding that the petitioner had failed to comply with the procedural requirements of the habeas corpus statutes.

The petitioner filed a timely notice of appeal, and we proceed to consider his claims.

## ANALYSIS

On appeal, the petitioner raises several issues. He contends that the trial court erred by dismissing the petition for failure to comply with Tennessee Code Annotated section 29-21-105 when his previous petitions filed in Dickson County had not been dismissed for non-compliance with that statute. He argues that the trial court did not have jurisdiction to sentence him because he was deprived of his right to counsel. He claims that the court should have ruled on his "Motion for Nunc Pro Tunc Competency hearing" before issuing its order denying his petition for the writ of habeas corpus, and he takes issue with the fact that the transcripts that he requested are not included in the record.

3

"The determination of whether habeas corpus relief should be granted is a question of law." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Id.* (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Article I, section 15 of the Tennessee Constitution guarantees a prisoner the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedural requirements governing the writ of habeas corpus "'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). A petition may be summarily dismissed if the petitioner fails to comply with all of the statutory procedural requirements. *Id.* at 260. Tennessee Code Annotated section 29-21-105 states that an application for the writ of habeas corpus "should be made to the court or judge most convenient in point or distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Our supreme court has interpreted this provision to mean that the petition should be filed in "the county where the petitioner is being held, unless a sufficient reason is given for not doing so." *Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009).

4

The petitioner is incarcerated in Lauderdale County, and he filed his petition in Dickson County, where he was convicted. At the end of his petition, he attached an "Affidavit for Venue of Filing," asking that the court entertain his request for a "change of venue" from the county where he was housed to the county where he was convicted "because the sentencing court has complete access to all of the records that are needed to corroborate" his claims.

This court has held that when a habeas corpus petition raises a claim that the petitioner's sentence is illegal, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." *Davis v. State*, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008). Significantly, however, the petitioner does not argue that his sentence is illegal but instead contends that the judgments are void because his Sixth Amendment right to counsel was violated. As a result, we conclude that "the petitioner did not raise a sentencing issue to justify the filing of the petition in" Dickson County instead of Lauderdale County. *Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499, at *2 (Tenn. Crim. App. Dec. 12, 2014) (citing *Timmy Charles McDaniel v. David Sexton, Warden*, No. E2012-01443-CCA-R3-HC, 2013 WL 1190813, at *5 (Tenn. Crim. App. Mar. 25, 2013)); *see also Vance McCaslin v. State*, No. M2009-00898-CCA-R3-HC, 2010 WL 1633391, at *3 (Tenn. Crim. App. April 7, 2010).

Further, even if the petition was properly filed in Dickson County, we conclude that the petitioner has not stated a cognizable claim for habeas corpus relief. The petitioner's claim that he was denied his Sixth Amendment right to counsel would render the judgments voidable and not void, and the allegation does not give rise to a cognizable claim for habeas corpus relief. *Timothy C. Watson v. State*, No. M2011-01726-CCA-R3-HC, 2012 WL 1417313, at *1 (Tenn. Crim. App. April 20, 2012) (citing *Mohamed F. Ali v. State*, No. 03C01-9704-CR-00163, 1998 WL 309201, at *2 (Tenn. Crim. App. June 12, 1998)). The petitioner's claim regarding his Motion for a Nunc Pro Tunc competency hearing is essentially an attempt to re-litigate the issue of his competency and his ability to enter knowing and voluntary guilty pleas. This court has already concluded that the petitioner was competent to enter his guilty pleas and that such a claim is not appropriate for a habeas corpus petition. *Craig Lamont Beene*, 2006 WL 680919, at *7; *Craig Beene*, 2014 WL 1912366, at *3. The petitioner's remaining claim regarding the absence of his requested transcripts is not supported by argument or citation to legal authority, and it is waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citations to authorities, or appropriate references to the record will be treated as waived by this court.") We conclude that the habeas corpus court properly dismissed the petition, and the petitioner is not entitled to any relief.

5

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the habeas corpus court.


_____

JOHN EVERETT WILLIAMS, JUDGE